UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ALICIA WELLEH TOGBA, | |
| Plaintiff, | Civil No. 21-1497 (JRT/LIB) |
| v. | |
| ISD #742 SAINT CLOUD PUBLIC SCHOOLS, | MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR IN FORMA PAUPERIS ON APPEAL |
| Defendant. | |

---

Alicia Welleh Togba, 500 Fifteenth Avenue Southeast, Apartment A, Saint Cloud, MN 56304, a pro se Plaintiff.

Cally R. Kjellberg-Nelson and Elle M. Lannon, **QUINLIVAN & HUGHES, PA**, PO Box 1008, Saint Cloud, MN 56302; Franz J. Vancura, **CASS COUNTY COURTHOUSE**, Third Floor, 303 Minnesota Avenue West, Walker, MN 56484, for Defendant.

Plaintiff Alicia Welleh Togba brought this action against her former employer, Defendant ISD # 742 Saint Cloud Public Schools ("ISD"). Togba alleges employment discrimination on the basis of race, color, and disability, retaliation, and various other claims. ISD brought a motion to dismiss. The Court dismissed all claims except for the racial discrimination claim, which is now in discovery. Togba has now appealed the dismissal of her disability discrimination claim to the Eighth Circuit and has applied to proceed *in forma pauperis* ("IFP"). The Eighth Circuit lacks jurisdiction to hear the appeal at this time, so the appeal is considered legally frivolous and the Court must deny her request for IFP status.

**BACKGROUND**

Plaintiff Alicia Welleh Togba was employed by ISD # 742 Saint Cloud Public Schools ("ISD") as a kitchen staff member beginning in 2019. (Compl., ¶¶ 5–16, June 25, 2021, Docket No. 1.) In her Complaint, Togba alleged that she was subject to frequent schedule changes without notice while her colleagues were not, that her colleagues would ignore her, and that her managers would yell at her. (*Id.* ¶¶ 14, 40.) After a heated incident between Togba and her supervisors, the ISD human resources director requested that Togba speak with a mental health case manager and attend therapy. (*Id.* ¶¶ 72, 76.) Togba refused to allow her therapist to access her medical records and was terminated shortly thereafter. (*Id.* ¶¶ 76, 81.)

Togba filed an Equal Employment Opportunity Commission charge, which the Commission dismissed on March 25, 2021. (Compl., Ex. 1, at 6, June 25, 2021, Docket No. 1-1.) She then initiated this action alleging employment discrimination on the basis of race, color, and disability, retaliation, and various other claims. (*See generally* Compl.) ISD moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, Sept. 7, 2021, Docket No. 9.) The Court construed Togba's pro se Complaint liberally, but nevertheless determined that she only adequately pleaded a claim to relief based on racial discrimination. (Order Granting Part Den. Part Def.'s Mot. Dismiss at 9, June 17, 2022, Docket No. 20.) The Court dismissed her claims for employment discrimination on the basis of color and disability, her retaliation claim, and other claims because Togba failed to exhaust her administrative remedies or did not present sufficient factual support.

(*Id.*)  The racial discrimination claim is now in discovery.  (*See* Pretrial Scheduling Order, Sept. 23, 2022, Docket No. 34.)

Togba appealed the Court's dismissal of her disability discrimination claim to the Eighth Circuit.  (Notice of Appeal, Sept. 14, 2022, Docket No. 32; Reasons for Appealing Discrimination of Disability Charge at 1, Sept. 14, 2022, Docket No. 32-1.)  Togba applied to appeal *in forma pauperis* ("IFP"), so the Court now considers that request.  (Appl. Proceed In Forma Pauperis Appeal, Sept. 14, 2022, Docket No. 33.)

## DISCUSSION

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  The *in forma pauperis* statute has been applied to prisoner and non-prisoner cases alike.  *See Nichole K. v. Commissioner of Social Security*, No. 19-1662, 2019 WL 3037087, at *1 n.1 (D. Minn. July 11, 2019).  To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).

Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith.  *Id*. § 1915(a)(3).  Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous.  *See id.* at 445.  An appeal

is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Martin v. MPLS Sch. Dist. No. 1*, No. 14-4462, 2015 WL 1020845, at *1 (D. Minn. Mar. 9, 2015).

Here, the Court need not determine whether Togba is financially eligible for IFP status because her appeal is legally frivolous and therefore not taken in good faith. Generally, a district court order cannot be appealed to a higher court until after the district court issues a final decision.  28 U.S.C.A. § 1291.  A final decision requires some manifestation by the district court that it has reached "the end of the case."  *Hope v. Klabal*, 457 F.3d 784, 789 (8th Cir. 2006).  Denial of a motion to dismiss is not a final decision.  *Pendleton v. St. Louis Cnty*, 178 F.3d 1007, 1010 (8th Cir. 1999).

An appeal that occurs before the district court issues a final decision is called an "interlocutory appeal."  *Interlocutory Appeal, Black's Law Dictionary* (11th ed. 2019). Interlocutory appeals are only permitted in certain circumstances, and courts "discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants."  28 U.S.C.A. § 1292(a); *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted).  A district court may allow the interlocutory appeal of an order if it certifies that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation.  28 U.S.C.A. § 1292(b); *Union Cty, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008).  The court of appeals only has

jurisdiction[1] to hear appeals of final orders or proper interlocutory appeals. 28 U.S.C.A. §§ 1291, 1292.

The Court has not issued a final opinion on Togba's case. There is one claim that remains: the racial discrimination claim. ISD's motion to dismiss was denied as to that claim, so the Court has not yet reached "the end of the case." Therefore, Togba can only appeal the Court's order if the Court certifies it for interlocutory appeal.[2] The Court finds that this is action is not well-suited for immediate appeal because there is not substantial ground for difference of opinion and such appeal would not materially advance the ultimate termination of the litigation. Accordingly, it declines to certify this matter for interlocutory appeal.

The Eighth Circuit lacks jurisdiction over this appeal because the Court has not issued a final order and will not certify the dismissal of the disability discrimination claim for interlocutory appeal. Therefore, Togba's appeal is legally frivolous. *See Slangal v. Cassel*, 962 F. Supp. 1214, 1216–17 (D. Neb. 1997) (finding an action legally frivolous in part because there was no plausible jurisdiction). Since the appeal is legally frivolous, it cannot be considered in good faith. Accordingly, the Court will deny Togba's IFP application.

---

[1] Jurisdiction is "essentially the authority conferred by Congress [to courts] to decide a given type of case one way or another." *Hagans v. Lavine*, 415 U.S. 528, 538 (1974).
[2] Though there are a handful of circumstances when a litigant can do an interlocutory appeal without the district court's approval, those circumstances do not apply here.

It should be noted that the Court has not determined the merits of Togba's underlying argument for appeal, merely that the Eighth Circuit lack jurisdiction to hear the case and therefore the appeal is legally frivolous **at this time**. If Togba wishes to appeal the Court's dismissal of her disability discrimination claim, she must wait to do so until after the Court issues a final decision on her racial discrimination claim. She may then again apply for IFP status.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* on Appeal [Docket No. 33] is **DENIED**.

DATED: January 3, 2023                                                     s/John R. Tunheim  
at Minneapolis, Minnesota.                                         JOHN R. TUNHEIM  
                                                                                  United States District Judge